## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NORWOOD McLAMB,

       Plaintiff,

v.                                      CIVIL ACTION NO. 5:10cv8
                                      (Judge Stamp)

DONALD JOSEPH JONES,

       Defendant.

## REPORT AND RECOMMENDATION

On January 15, 2010, plaintiff initiated this case by filing a complaint against the above-named defendant. The plaintiff is proceeding *pro se* and *in forma pauperis.* This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

## I. The Complaint

In the complaint the plaintiff, who is a state prisoner incarcerated at the Huttonsville Correctional Center ("HCC") alleges that he was previously living in Dorm #10. However, the plaintiff maintains that he was moved to another living area because he is an open homosexual. The plaintiff further maintains that he told the defendant that he was not a practicing homosexual and that there were other open homosexuals living in Dorm #10. The plaintiff alleges that the defendant responded that "he didn't want open homosexuals on his dorm and that he had to move." (Doc. 1, p. 4). For relief, the plaintiff states that his "civil rights were violated and he thinks Counselor Jones and the Huttonsville Corr. Ctr should be held accountable for his actions." (Doc. 1, p.5).

## II. STANDARD OF REVIEW

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must view the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. §1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. §1915(e).

A complaint is frivolous if it is without merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12( b)(6) is not automatically frivolous. See Neitzke at 328. Section 1915(e) dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25.32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. Analysis

Although not specifically articulated, a liberal reading of the plaintiff's complaint indicates that he is attempting to state a claim under 42 U.S.C. § 1983 which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

---

[1] Id. at 327.

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to sustain a claim for violation of § 1983, a plaintiff must demonstrate two things: (1) that the defendant was acting under color of state law, and (2) that his conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled in part, not relevant here, by Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Regarding the first element, the plaintiff sufficiently alleges that the defendant was acting under color of state law by means of the authority given to him by the State of West Virginia as an employee of the West Virginia Division of Corrections. Therefore, the question arises whether by requiring him to move from Dorm #10, the defendant deprived the plaintiff of any of his rights guaranteed by the Constitution or federal laws. Clearly, the answer to that question is no, and this complaint is due to be dismissed.

It is well established that prisoners have only narrowly defined liberty interests, for imprisonment necessarily retracts many of the liberties of the free. Hewitt v. Helms, 459 U.S. 460 (1983). Among the liberties which prisoners do not enjoy is choice of cells. Transfer within the prison or to another prison is within the discretion of prison officials. Id. Therefore, the defendant's action in transferring the plaintiff from Dorm #10 does not state a § 1983 claim. Moreover, the plaintiff makes no allegation that he suffered any "harm" as the result of his transfer from Dorm #10. Accordingly, the complaint also fails to state a § 1983 claims because the plaintiff has failed to identify

any injury that he suffered from being moved from Dorm # 10.[2]

## IV.  Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

Any party may file within fourteen (14) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are  made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 28, 2010

 /s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[2]By injury, the undersigned is not implying that the plaintiff must allege a physical injury.