IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NORWOOD McLAMB,

    Plaintiff,

v.                                       Civil Action No. 5:10CV8
                                                      (STAMP)

DONALD JOSEPH JONES,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] plaintiff, Norwood McLamb, commenced this civil action by filing a complaint which this Court construes as pursuant to 42 U.S.C. § 1983. In this complaint, the plaintiff, who is a state prisoner incarcerated at the Huttonsville Correctional Center ("HCC"), alleges that he was removed from Dorm #10, where he was previously living, and moved to another area because he is an open homosexual. The plaintiff maintains that he told the defendant that he was not a practicing homosexual, and that other open homosexuals were living in Dorm #10. The defendant allegedly responded that "he didn't want open homosexuals on his dorm and that he had to move." (Compl. at 4.) The plaintiff states that his "civil rights were violated and he thinks Counselor Jones and

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

the Huttonsville Corr. Ctr [sic] should be held accountable for his actions." (Compl. at 5.)

The case was referred to United States Magistrate Judge James E. Seibert for review and recommendation pursuant to Local Rule of Prisoner Litigation 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A. The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed for failure to state a claim. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

2

III. *Discussion*

Under the Prison Litigation Reform Act ("PLRA"), federal courts are required to screen civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. If, on review, a court finds that the prisoner's allegations are frivolous, malicious, or fail to state a claim upon which relief may be granted, the court must dismiss the complaint in whole or in part. 28 U.S.C. § 1915A(b)(1).

Although some overlap exists in the functional meaning of "frivolous" and "fails to state a claim" as provided in the PLRA, the terms are not identical. As noted by the United States Supreme Court, all frivolous actions are also subject to dismissal for failure to state a claim; however, all actions subject to dismissal for failure to state a claim are not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The standard for determining failure to state a claim for the purpose of a PLRA dismissal is identical to the one in Federal Rule of Civil Procedure 12(b)(6). See Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999) (noting that "failure to state a claim" language in the PLRA parallels that of Rule 12(b)(6)). Accordingly, under that standard, courts must accept the material facts alleged in the complaint as true, and not dismiss unless it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

3

Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990).

On the other hand, a frivolous action is one that "lacks an arguable basis in either law or fact." Neitzke, 490 U.S. at 325. In making a frivolousness determination, judges not only have "the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Thus, unlike the failure to state a claim standard, in determining frivolity, the court is not bound to accept "clearly baseless" factual allegations as true. See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

In this case, the magistrate judge recommended that the plaintiff's complaint be dismissed for failure to state a claim. Title 42, United States Code, Section 1983 prohibits persons from causing a deprivation of legal rights to any United States citizen under the color of state law. The magistrate judge found that the plaintiff sufficiently alleged that the defendant was acting under the color of state law as an employee of the West Virginia Division of Corrections. Nevertheless, the magistrate judge determined that prisoners do not enjoy the choice of cells, and that transfer within the prison is within the discretion of prison officials. Hewitt v. Helms, 459 U.S. 460 (1983). Furthermore, the magistrate judge found that the plaintiff made no allegations that he suffered

any "harm" as a result of his transfer from Dorm #10. Accordingly, the plaintiff's § 1983 claim, the magistrate judge recommended, must be dismissed.

This Court has reviewed the record and finds no clear error in the magistrate judge's report and recommendation. Accordingly, for the reasons set forth in the report and recommendation, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's § 1983 complaint is DISMISSED WITH PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    June 2, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE